AUSA: Jacob H. Gutwillig

| | | |
|---|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK<br>- - - - - - - - - - - - - - - - - - - - - - - - - X<br>UNITED STATES OF AMERICA<br><br>- v. -<br><br>EDWIN RIVERA,<br><br>    Defendant.<br><br>- - - - - - - - - - - - - - - - - - - - - - - - - X | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | **23 MAG 7227**<br><br>**SEALED COMPLAINT**<br><br>Violations of 18 U.S.C.<br>§§ 922(g)(1), 924(c) and 2; 21<br>U.S.C. §§ 812, 841<br><br>COUNTY OF OFFENSE:<br>BRONX, NEW YORK |

SOUTHERN DISTRICT OF NEW YORK, ss.:

JASON LANDUSKY, being duly sworn, deposes and says that he is a Detective with the New York City Police Department ("NYPD"), and charges as follows:

### COUNT ONE
### (Possession of a Firearm After a Felony Conviction)

1. On or about June 24, 2023, in the Southern District of New York and elsewhere, EDWIN RIVERA, the defendant, knowing he had previously been convicted in a court of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed a firearm, to wit, a Glock model 17 serial number EW457, 9 millimeter semi-automatic pistol, and the firearm was in and affecting commerce.

(Title 18, United States Code, Sections 922(g)(1) and 2.)

### COUNT TWO
### (Possession with Intent to Distribute Narcotics)

2. On or about June 24, 2023, in the Southern District of New York and elsewhere, EDWIN RIVERA, the defendant, intentionally and knowingly distributed and possessed with intent to distribute controlled substances, in violation of Title 21, United States Code, Section 841(a)(1).

3. The controlled substances involved in the offense were: (i) mixtures and substances containing a detectable amount of cocaine, in violation of Title 21, United States Code, Section 841(b)(1)(C); (ii) mixtures and substances containing a detectable amount of fentanyl, in violation of Title 21, United States Code, Section 841(b)(1)(C); and (iii) mixtures and substances

containing a detectable amount of heroin, in violation of Title 21, United States Code, Section 841(b)(1)(C).

(Title 21, United States Code, Sections 812, 841(a)(1), 841(b)(1)(C); Title 18, United States Code, Section 2.)

## COUNT THREE
**(Firearms Use, Carrying, and Possession in Connection with a Drug Trafficking Crime)**

4. On or about June 24, 2023, in the Southern District of New York and elsewhere, EDWIN RIVERA, the defendant, during and in relation to a drug trafficking offense for which he may be prosecuted in a court of the United States, namely, the possession with intent to distribute narcotics charged in Count Two of this Complaint, knowingly used and carried a firearm, and in furtherance of such drug trafficking offense, possessed a firearm, and aided and abetted the use, carrying, and possession of a firearm.

(Title 18, United States Code, Sections 924(c)(1)(A)(i) and 2.)

The bases for my knowledge and the foregoing charges are, in part, as follows:

5. I have been involved in the investigation of this matter, and I base this affidavit on that experience, as well as on my conversations with other law enforcement agents, and my examination of various reports and records. Because this affidavit is being submitted for the limited purpose of demonstrating probable cause, it does not include all the facts that I have learned during the course of my investigation. Where the contents of documents and the actions, statements, and conversations of others are reported herein, they are reported in substance and in part, except where otherwise indicated.

6. Based on my review of criminal history records pertaining to EDWIN RIVERA, the defendant, I have learned that (i) on or about June 5, 2007, in Kings County Supreme Court, RIVERA was convicted of attempted criminal sale of a controlled substance in the third degree, in violation of New York Penal Law ("NYPL") Section 220.39, and sentenced to two years' imprisonment; and (ii) on or about September 26, 2002, in Queens County Criminal Court, RIVERA was convicted of criminal sale of a controlled substance in the firth degree, in violation of NYPL 220.31, and sentenced to 30 months' to five years' imprisonment.

7. Based on my training, experience, and involvement in this investigation and others, including my conversations with four NYPD officers ("NYPD Officer-1," "NYPD Officer-2," "NYPD Officer-3," and "NYPD Officer-4," collectively the "NYPD Officers"), as well as my review of body-worn camera footage, I have learned, among other things, the following:

  a. On or about June 24, 2023, at approximately 9:00 p.m., the NYPD Officers were on patrol in a marked police vehicle (the "Vehicle") in the vicinity of East 184th Street and 3rd Avenue in the Bronx, New York.

  b. While proceeding west-bound on East 184th Street, the NYPD Officers stopped the Vehicle at a red light at the intersection of East 184th Street and 3rd Avenue.

2

At that point, an unidentified male ("UM-1") approached the driver's side of the Vehicle. NYPD Officer-1 was seated in the driver's seat and NYPD Officer-2 was in the rear seat on the driver's side. UM-1 advised NYPD Officers -1 and -2, in substance, that UM-1 had just seen another male holding a gun. UM-1 then identified for NYPD Officers -1 and -2 an individual across the street, located just past the stop light, on the other side of East 184th Street across 3rd Avenue -- who was later identified as EDWIN RIVERA, the defendant – as the male whom he had seen holding a gun.

    c. Upon seeing RIVERA, NYPD Officer-1 drove the Vehicle through the intersection, still going west-bound on East 184th Street, for approximately five seconds, whereupon NYPD Officer-1 stopped the Vehicle and the NYPD Officers exited the Vehicle. RIVERA then began walking away from the NYPD Officers, south-bound on 3rd Avenue. NYPD Officer-1 instructed RIVERA to stop, but RIVERA continued walking.

    d. The NYPD Officers approached RIVERA and advised him, in substance, that they were stopping him because they were told RIVERA had a firearm. At that point, NYPD Officer-2 observed what NYPD Officer-2 recognized as the handle of a black firearm in RIVERA's right pants-pocket. NYPD Officer-2 seized the firearm from RIVERA's pants-pocket, and, moments later, placed him under arrest. The defendant then stated, in substance, referring to the firearm, "That's not mine, I was going to call the police. I found it."

    8. Based on my training, experience, and involvement in this investigation and others, including my conversations with other NYPD officers, my review of video recordings, and my review of laboratory reports, I have learned, among other things, the following:

    a. Following his arrest, EDWIN RIVERA, the defendant, was transported to a local NYPD police precinct. At the precinct, NYPD officers did an inventory search and found, in a small bag RIVERA was wearing at the time of his arrest, among other things, approximately 13 glassine envelopes and approximately nine paper envelopes, which contained powdery substances.

    b. The contents of the envelopes were tested at an NYPD laboratory, and, based on my review of lab reports, I have learned that the substances contained in the envelopes tested positive for cocaine, fentanyl, and heroin.

    9. Subsequently, while in custody at the precinct, EDWIN RIVERA, the defendant, gave a *Mirandized* post-arrest statement, which was video recorded. During that interview, RIVERA stated, in substance and among other things, that moments before he was apprehended by the NYPD Officers, he had found the firearm and was about to call the police to notify them.

    10. I have reviewed an NYPD Firearm Examination Report, which identifies the firearm as an operable Glock model 17 serial number EW457, 9 millimeter semi-automatic pistol.

    11. Based on my conferral with a Special Agent from the United States Department of Justice Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), I have learned that the firearm was manufactured outside of the State of New York.

AUSA: Jacob H. Gutwillig

WHEREFORE, deponent respectfully requests that a warrant be issued for the arrest of EDWIN RIVERA, the defendant, and that he be arrested, and imprisoned or bailed, as the case may be.

_____
S/ by the Court  with permission
JASON LANDUSKY
Detective
New York Police Department

Sworn to me through the transmission of this
Complaint by reliable electronic means, pursuant to
Federal Rule of Criminal Procedure 4.1, this
16th day of November, 2023

_____
THE HONORABLE ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF NEW YORK